```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW HAMPSHIRE
```

United States of America

    v.                               Criminal No. 03-cr-076-01-JD

William Pineo


## **O R D E R**

On April 30, 2013, defendant appeared for a preliminary hearing/probable cause hearing under Fed. R. Crim. P. 32.1, on three alleged violations of conditions of supervision, as charged in the government's petition dated April 30, 2009 (doc. no. 42). Defendant is on supervised release from his convictions in 2003 for three counts of interstate transportation of a stolen motor vehicle, in violation of 18 U.S.C. § 2312, and two counts of theft of government property, in violation of 18 U.S.C. § 641.

The government alleges that, while on supervised release, defendant violated the conditions of his release by committing the crimes of receiving stolen property and burglary. At the preliminary hearing, United States Probation Officer Timothy J. Brown testified for the government. The government introduced certified copies of defendant's convictions on the state charges underlying the allegations in the supervised release petition. Defense counsel conceded that, in light of the convictions, defendant faced a difficult challenge with respect to the

question of whether there was probable cause for the charges in the petition. Following the hearing, the court issued an order orally from the bench finding that the government's evidence established probable cause that defendant violated the conditions as charged in the petition.

Defendant sought bail conditions under Rule 32.1(a)(6). The government sought detention. Under Rule 32.1(a)(6), defendant bears the burden of establishing by clear and convincing evidence that he will not flee and that he poses no danger to any other person or to the community. Based on the evidence presented at today's hearing, and for the reasons stated on the record, defendant has failed to meet his burden of persuading the court that he poses no danger to any other person or to the community. A brief summary follows.

In 2003, defendant pled guilty in this court to multiple charges related to stolen vehicles. Judge DiClerico sentenced defendant to thirty-nine months imprisonment with a three-year term of supervised release. Defendant's first period of supervision began on January 7, 2006. Approximately seven months later, defendant was arrested on state charges related to his unauthorized use of a car and a dealer plate. In addition to defendant's conviction for that conduct in state court, Judge DiClerico revoked his federal supervision and ordered him to serve an eight-month prison sentence, followed by a twenty-

eight-month period of supervised release.  Defendant was released for his second period of supervision on October 7, 2007, and in April 2009, he was again arrested on charges related to stolen vehicles.  These charges are the subject of the instant petition.  Notably, with respect to his propensity for violence, defendant admitted that he set fire to one of the subject vehicles while the vehicle was in the police department's impoundment lot and acted with a purpose to destroy evidence linking him to that stolen vehicle.  Defendant was convicted in state court on multiple charges, including arson, related to the April 2009 conduct.

Defendant has been serving his state prison sentence on those convictions since his arrest in April 2009.  The warrant on the supervised release petition was issued in April 2009 but was not served on defendant until the completion of his prison sentence.  Defendant argued that he was entitled to release both because he had served a lengthy prison sentence for the crimes and had been of good behavior while in prison.  While defendant is to be commended for his good behavior while in prison, that evidence is insufficient to meet the burden of proof on dangerousness.  To the contrary, defendant's criminal history is persuasive evidence that he is unwilling to abide by the law and is, instead, willing to commit violent acts to cover up his criminal conduct.

In sum, the court finds that defendant failed to meet his burden to show by clear and convincing evidence that his release, even on strict conditions, would pose no danger to any other person or the community.  Accordingly, it is **ORDERED** that the defendant be detained pending a final revocation hearing.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**SO ORDERED.**

_____
Landya B. McCafferty
United States Magistrate Judge

May 1, 2013

cc: David Bownes, Esq.
    Terry Ollila, Esq.
    U.S. Marshal
    U.S. Probation